Martin F. Casey
Gregory G. Barnett
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROYAL COFFEE, INC.,

      Plaintiff,                                          16 Civ.

     - against -

                                                    **COMPLAINT**

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.,

      Defendant.
-----------------------------------------------------------X

        Plaintiff, ROYAL COFFEE, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC Line bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this jurisdiction.

### PARTIES

        2.      At all material times, Royal Coffee, Inc., (hereinafter "Royal Coffee" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 3306 Powell Street, Emeryville, CA 94608

and was the owner and/or consignee of the consignment of Bags of Coffee, as more specifically described below.

3. At all material times, defendant, MSC Mediterranean Shipping Company S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

5. On or about November 24, 2014, a consignment consisting of 288 Bags Decaffeinated Coffee, laden in container number MEDU 1441446, then being in good order and condition, was delivered to the M/V MSC MARIA LAURA and to MSC and/or its agents in Veracrux, Mexico for transportation to Oakland, CA, in consideration of an agreed upon freight, pursuant to MSC bill of lading number MSCUAU716617 dated November 24, 2014.

6. On or about November 24, 2014, a consignment consisting of 288 Bags Decaffeinated Coffee, laden in container number FSCU3873548, then being in good order and condition, was delivered to the M/V MSC MARIA LAURA and to MSC and/or its agents in Veracrux, Mexico for transportation to Oakland, CA, in consideration of an agreed upon freight, pursuant to MSC bill of lading number MSCUAU705230 dated November 24, 2014.

7. Thereafter, the aforementioned containers were loaded aboard the M/V MSC MARIA LAURA and the vessel departed Veracruz, Mexico.

8. On or about February 4, 2015 the aforementioned containers were discharged from the carrying vessel in Oakland and on February 11, 2015 the cargo was delivered to the designated receiver.

9. Upon delivery, it was discovered that 42 bags from the MEDU container were wetted and otherwise damaged. It was further discovered that 43 bags from the FSCU container were wetted and otherwise damaged.

10. As a result of the foregoing, the cargo was found to have sustained physical damage and it was unable to be sold at market value.

11. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation and bailment on the part of the Defendant and/or its agents.

12. The total damages sustained by plaintiff in respect to the MEDU container was $13,527.87.

13. The total damages sustained by plaintiff in respect to the FSCU container was $17,728.70.

14. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $32,288.77.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $32,288.77, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       March 11, 2016
       424-37

                                          CASEY & BARNETT, LLC
                                          Attorneys for Plaintiff

                          By: _____
                                          Gregory G. Barnett
                                          Martin F. Casey
                                          305 Broadway, Ste 1202
                                          New York, New York 10007
                                          (212) 286-0225